UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

WILLIE NEVIUS,

    Plaintiff,

vs.

NEW JERSEY STATE POLICE ;
JOSEPH FUENTES, IN HIS OFFICIAL
CAPACITY AS SUPERINTENDENT
OF NEW JERSEY STATE POLICE,
HEAD OF NEW JERSEY TURNPIKE
AUTHORITY ("NJTPA"); NJTPA; D.
BERGIN; RONALD HAMPTON, NJSP
TROOPER BADGE #5162, NJSP
TROOPER BADGE #6352, JOHN
DOES 1 - 5; JANE DOES 1-6,

    Defendants.

CIVIL ACTION

Docket No.

COMPLAINT

Plaintiff, Willie Nevius, a resident of North Carolina, by way of complaint against the Defendants says:

## JURISDICTION

1. Jurisdiction of this Court is based upon 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States.

2. The jurisdiction of this Court is predicated 28 U.S.C. § 1343(1), (3) and (4), as well as 28 U.S.C. § 1331.

3. The supplemental jurisdiction of this Court to hear related state courses of action is invoked.

1

**PARTIES**

4. Plaintiff Willie Nevious is an African American resident of North Carolina who regularly uses the New Jersey Turnpike ("NJT") to travel for business purposes.

5. At all times relevant to this complaint, Defendants include the State of New Jersey, Division of State Police (hereafter "NJSP"). The NJSP is sued for injunctive relief only.

6. Defendant Joseph Fuentes was at all times relevant herein the Superintendent of the NJSP. He is sued in his official capacity only for injunctive relief.

7. Defendant D. Bergin was at all times relevant herein employed by the NJSP.

8. Trooper Thomas J. Ferrigno was at all times relevant herein was employed by the NJSP.

9. Trooper William J. Kerstetter was at all times relevant herein employed by the NJSP.

10. NJSP Detective Sergeant Ronald Hampton, Badge Number 5162, was at all times relevant herein employed by the New Jersey State Police.

11. At all times relevant, NJSP Trooper Badge Number 6325, was at all times employed by the New Jersey State Police.

12. John Does 1 through 5 and Jane Does 1 through 5 were at all times relevant herein employed by the New Jersey State Police and participated in the stop, arrest, detention and search of Plaintiff on or about September 12, 2006 at approximately 4:33 p.m.

13. Defendants Bergin, Ferrigno, Kerstetter, Hampton, Trooper Badge Number 6325,

John Does 1-5 and Jane Does 1-5 are hereafter referred to collectively as the "Trooper Defendants."

14. Defendant Head of NJTPA is sued in his or her official capacity for injunctive relief. The NJTPA is sued as a municipal corporation organized under New Jersey law for the causes stated below.

## FACTS

15. On or about September 12, 2006, Plaintiff, Willie Nevius, was traveling on the New Jersey Turnpike.

16. At that time Plaintiff was stopped initially by one or more of the Trooper Defendants.

17. The stop of Plaintiff was on a purely pretextual basis.

18. There was no reasonable basis for the Defendants to pull stop Plaintiff.

19. Nevertheless, once Plaintiff was pulled over he was detained for a substantial amount of time by the Trooper Defendants.

20. During the period of time that Plaintiff was pulled over on the side of the New Jersey Turnpike, Trooper Defendants who did not initially stop Plaintiff also arrived at the scene.

21. During the period of Plaintiff's detention the Trooper Defendants illegally searched Plaintiff and interrogated him extensively on issues unrelated to the pretextual stop.

22. The Trooper Defendants searched Plaintiff's person, his vehicle and his personal effects within his vehicle. The Trooper Defendants' extensive search of Plaintiff and his possessions yielded no contraband.

23. The Trooper Defendants request to search Plaintiff's vehicle occurred without articulable suspicion and continued unabated despite repeated requests by Plaintiff

3

24. Not content with the thorough, invasive and destructive search the Trooper Defendants conducted on Plaintiff's vehicle and possessions, Plaintiff was detained longer while a police canine was summoned to be employed in yet another repeat search of the vehicle.

25. Trooper Defendants dismantled parts of Plaintiff's vehicle and refused to place the vehicle back in the same physical condition it was prior to the search.

26. The Trooper Defendants tore up the carpeting in Plaintiff's vehicle as well as some of the vinyl interior.

27. To add insult to injury the Trooper Defendants, or some of them, disregarded the integrity of Mr. Plaintiff's possessions by throwing those possessions about inside the vehicle, refusing to clean up after themselves after they were done.

28. At the conclusion of the Trooper Defendants' interaction with Plaintiff, a Trooper Defendant gave Plaintiff a "warning" alleging Plaintiff's right tail lamp was out. When Plaintiff showed that Trooper that the plate lamp was operative, Bergin laughed.

29. The NJSP has a long standing de facto policy of racial profiling as has been acknowledged by New Jersey governors, attorneys general and the New Jersey Senate Judiciary Committee. Based on the NJSP's racial profiling policies, the NJSP remains under a federal court enforced Consent Decree.

30. Plaintiff was stopped and mistreated as described above due to his race and the illegal practice of racial profiling.

31. Plaintiff had purchased a toll ticket for his trip on the New Jersey Turnpike.

4

32. That ticket constituted a contract allowing Plaintiff to traverse the Turnpike without illegal interference and with the same rights afforded to Caucasian patrons.

33. The NJTPA has been aware and on notice of NJSP misconduct on the Turnpike for well over a decade.

34. The NJTPA contracts with the NJSP for policing services on the Turnpike.

35. In contracting for policing services, the NJTPA has failed and refused to insure that the NJSP abandon the illegal and discriminatory practices described above.

## CAUSES OF ACTION

### COUNT ONE
### NEW JERSEY STATE CIVIL RIGHTS ACTION/STATE CONSTITUTIONAL CLAIM

36. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as if set forth at length herein.

37. The illegal, unconstitutional and discriminatory acts of the Defendants constituted acts of a de facto policy to discriminate, use unlawful force, falsely arrest and detain, and illegally search Plaintiff. The actions of the Defendants aforesaid also represent a de facto policy to deny Plaintiff his rights to travel, equal protection, contract and privacy. All of these violations contravene Plaintiff's constitutional rights under the New Jersey State Constitution including, but not limited to, Article I, Section 1; Article I, Section 5 - denial of rights; and Article I, Section 7 and the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

38. Each individual Defendant was acting at all relevant times in furtherance of his employer as well as the New Jersey Turnpike.

39. As a result of the aforesaid conduct, Plaintiff has been damaged, including violation

of his civil rights and has suffered severe emotional pain and suffering.

## COUNT TWO
## VIOLATION OF 42 U.S.C. § 1983

40. Plaintiff repeats here each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

41. The Trooper Defendants individually and as a group participated and conspired with one another under color of state law to deprive Plaintiff of his constitutional rights by, among other things:

   a. stopping and detaining Plaintiff without probable cause;

   b. falsely arresting Plaintiff;

   c. Illegally searching Plaintiff's person, vehicle and effects;

   d. falsely imprisoning and/or detaining Plaintiff;

   e. improperly denying Plaintiff's right to privacy;

   f. denying Plaintiff his right to freedom of travel;

   g. depriving Plaintiff of his right to due process;

   h. depriving Plaintiff of his right to equal protection of the laws.

   i. Subjecting Plaintiff to involuntary servitude.

42. The above acts constitute a violation of the civil rights act, 42 U.S.C. § 1983 for violation of one's civil and constitutional rights under color of state law.

43. As a proximate result of the aforesaid acts, Plaintiff has been damaged and has suffered severe emotional injuries including mental distress and anguish.

## COUNT THREE
## VIOLATION OF 42 U.S.C. § 1981

44. Plaintiff repeats each and every allegation contained in the proceeding paragraphs

45. as if set forth at length herein.

46. The acts of the Trooper Defendants as well as the New Jersey Turnpike Authority constitute a violation of the Civil Rights Act, 42 U.S.C. § 1981.

47. The acts of the Defendants were motivated by racial animosity and by the desire to injure, oppress, and intimidate the Plaintiff because of his race.

48. As a proximate result of the above-mentioned acts, Plaintiff has suffered damages including severe emotional distress and mental anguish as well as a deprivation of his rights under § 1981 and the Equal Protection Clause.

## COUNT FOUR
## VIOLATION OF 42 U.S.C. § 1985 (CONSPIRACY TO VIOLATE CIVIL RIGHTS)

48. Plaintiff repeats each and every allegations contained in the proceeding paragraphs as if set forth at length herein.

49. The acts of the Trooper Defendants as well as Defendant NJTPA constitute a violation of the Civil Rights Act, 42 U.S.C. § 1985, namely a conspiracy to violate the civil rights of Plaintiff based on his race.

50. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional distress and mental anguish as well as a deprivation of rights under the Civil Rights laws.

## COUNT FIVE
## VIOLATION OF 42 U.S.C.§ 1986

51. Plaintiff repeats each and every allegations contained in the above paragraphs as if set forth at length herein.

52. The Trooper Defendants had knowledge of the discrimination/violation of

constitutional rights perpetrated on Plaintiff and/or other minorities, including Plaintiff but neglected and failed to prevent said wrongful and illegal acts when they had power to do so.

53. This neglect, aid and refusal to prevent or rectify is a violation of the Civil Rights Act 42 U.S.C. § 1986.

54. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe emotional pain, suffering, anguish and distress and a deprivation of rights under the Civil Rights laws.

## COUNT SIX
## VIOLATION OF 42 U.S.C.§ 1983 (NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISING – DISCIPLINARY RETENTION OF DANGEROUS AND DISCRIMINATORY POLICE OFFICERS)

55. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as set forth at length herein.

56. The New Jersey Turnpike Authority was negligent in screening, hiring, training, supervising, disciplining and/or retaining the Trooper Defendants in this matter, who they knew or should have known were dangerous and/or acted in a racially discriminatory manner.

57. Defendant New Jersey Turnpike Authority is liable for the aforesaid acts both under the doctrine of *respondeat superior* and because it permitted conditions to exist which facilitated and/or permitted such conduct to occur.

58. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered extreme emotional pain, anguish, distress and suffering as well as a deprivation of civil rights.

## COUNT SEVEN
## VIOLATION OF 42 U.S.C.§ 1983 (SEEKING INJUNCTIVE RELIEF ONLY)

59. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as set forth at length herein.

60. Plaintiff seeks from Defendant Joseph Fuentes or his successor, the NJSP as well as Head of NJTPA, the NJTPA and/or any John or Jane Does, injunctive relief as set forth below.

## COUNT EIGHT
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

61. Plaintiff repeats each and every allegation contained in the proceeding paragraphs as set forth at length herein.

62. The actions of Defendants NJSP, The Trooper Defendants as well as Defendant New Jersey Turnpike Authority violated Plaintiff's rights pursuant to the New Jersey Law Against Discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

A. An award of compensatory damages and punitive damages which are allowed by statutes pleaded herein or as permitted by common law and rules.

B. An award of reasonable attorney's fees and costs of suit as well as interest thereon;

C. An award of damages as allowed under 42 U.S.C. §§ 1988;

D. Any other award and equitable relief allowed by statute, or pursuant to the law or equitable and just power of the Court to which Plaintiff is entitled;

E. Injunctive relief as follows:

1. An order permanently restraining and enjoining the New Jersey State Police and the New Jersey Turnpike Authority from encouraging, teaching, training, condoning or tolerating officers in making arrests, stops or taking other law enforcement action based in whole or in part on the race or ethnic background of an individual;

2. An order compelling the New Jersey State Police and the New Jersey Turnpike Authority to take prompt, appropriate and effective corrective measures, including those that affect supervisors and personnel to prevent any policies, patterns and all practices that encourage, teach, train, and condone officers or employees in making any arrests, stops, searches or taking other law enforcement action based in whole or in part on the race or ethnic background of an individual;

3. An order that the NJSP and the New Jersey Turnpike Authority implement a system in which prompt, appropriate and effective disciplinary action is taken against anyone who engages in, teaches, trains, encourages or condones making any arrests, stops, searches or other law enforcement action based in whole or in part on the race or ethnic background of an individual;

4. An order compelling the NJSP and the New Jersey Turnpike Authority to implement a system pursuant to which statistical information and

records regarding the race of all individuals stopped, detained, searched or arrested by the NJSP are maintained and disseminated to the public;

5. An order permanently restraining and enjoining the New Jersey State Police and the New Jersey Turnpike Authority from encouraging, teaching, training, condoning or tolerating officers in making arrests, stops or taking other law enforcement action which in any way is intended to produce any of the constitutional violations described herein;

6. Any other prospective injunctive relief that the Court finds just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff hereby demands trial by jury of the damages and punitive damage issues in this action.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates the undersigned as trial counsel.

/s/ William H. Buckman
William H. Buckman
Attorney for Plaintiff Willie Nevius

Dated: 7/10/07